### . STATE v. JOHN SAWYER.

(Filed 12 March, 1930.)

**Criminal Law I g—Instruction in this case held to comply with C. S., 564 and to be free from error.**

An introductory statement by the trial court in his instruction to the jury in a prosecution for murder that he would not take up the time of the jury to read from his notes of the testimony in the case in the absence of request of counsel is not error when he has nevertheless stated the evidence in a plain and correct manner and declared and explained the law arising thereon, C. S., 564, and judgment upon the verdict of guilty of murder in the first degree will be sustained when the record is free from error.

APPEAL by defendant from *Devin, J.,* at September Term, 1929, of MARTIN.

Criminal prosecution tried upon an indictment charging the prisoner with the murder of one J. I. Britton.

Verdict: Guilty of murder in the first degree.

Judgment: Death by electrocution.

The prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*H. W. Stubbs and B. A. Critcher for defendant.*

STACY, C. J. On the afternoon of 26 July, 1929, the prisoner ambushed himself under a cherry tree in a hedgerow and shot the deceased in the face as he came within a distance of about twelve feet. The prisoner then reloaded his gun, stepped over the fence, or hedgerow, followed the deceased as he went "kinder bent over" down a tobacco row, for a distance of approximately thirty yards, and shot him again. Here the deceased fell, between two tobacco rows, where he died soon thereafter.

The prisoner testified that he "felt like it was necessary for him to shoot the deceased in order to protect his own life," but the case is free from any such necessity, real or apparent.

The principal assignment of error is to the following statement made by the judge at the beginning of his charge:

"I will not take up your time to read from my notes of the testimony in the absence of a request from counsel on either side. I will state the evidence to you as concisely as I can for the purpose of refreshing your recollection, reminding you that it is your duty to remember all the evidence, whether I call it to your attention or not."

There was no error in this statement. The evidence was simple and direct, and notwithstanding the introductory remark of the judge, of which the prisoner complains, he nevertheless stated the evidence in a plain and correct manner and declared and explained the law arising thereon. C. S., 564. The record is free from error, hence the verdict and judgment must be upheld.

No error.